TARA K. McGRATH
United States Attorney
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorney
California Bar No. 321254
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7643
Facsimile: (619) 546-7751
E-mail: mary.glover-rogers@usdoj.gov

Attorneys for Defendant
Carlos Del Toro, Secretary of the Navy

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ELLIS, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>US DEPARTMENT OF THE NAVY;<br>CARLOS DEL TORO, in his official capacity<br>as United States Secretary of the Navy,<br><br>        Defendants. | Case No. 23-cv-2111-TWR-AHG<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        February 27, 2025<br>Time:        1:30 p.m.<br>Judge:       Hon. Todd W. Robinson<br>Courtroom:   14a |

# TABLE OF CONTENTS

PAGE(S)

NOTICE OF MOTION ................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL BACKGROUND .............................................................................2

        A.      Plaintiff's Employment History .................................................2

        B.      Plaintiff's Administrative Claims ..............................................2

        C.      Plaintiff's Allegations in this Action ........................................4

III.    PROCEDURAL HISTORY ...............................................................................4

IV.     LEGAL STANDARD ........................................................................................5

        A.      Rule 12(b)(1) – Lack of Subject Matter Jurisdiction ...............5

        B.      Rule 12(b)(6) – Failure to State a Claim for Relief .................5

V.      ARGUMENT .....................................................................................................7

        A.      Sovereign Immunity Bars Any FEHA State Law Claims..........7

        B.      Plaintiff's Title VII Discrimination Claim Fails ......................8

                1.      Plaintiff's Allegations Regarding Discrimination and
                        Harassment Prior to February 23, 2018, are Time Barred..........9

                2.      Plaintiff Did Not Suffer an Adverse Employment Action. ..........10

                        i.      Remarks about Plaintiff's Job Performance ......................11

                        ii.     Plaintiff's Working Conditions ...........................................11

                        iii.    Denial of Training...............................................................13

                        iv.     Denial of Overtime .............................................................13

                        v.      Display of Inappropriate Videos at Safety Briefing...........14

        C.      Plaintiff's Title VII Retaliation Claim Fails.............................15

        D.      The Secretary of the Navy is the Only Proper Defendant
                in a Title VII Action ...................................................................16

VI.     CONCLUSION..................................................................................................16

# TABLE OF AUTHORITITES

PAGE(S)

**CASES**

*Aragon v. Republic Silver State Disposal, Inc.*,
   292 F.3d 654 (9th Cir. 2002) ....................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................5, 6

*Baker v. United States*,
   817 F.2d 560 (9th Cir. 1987) ....................................................................7

*Bell Atlantic Corporation v. Twombly*,
   550 U.S. 544 (2007)...........................................................................5, 12

*Burlington Industries, Inc. v. Ellerth*,
   524 U.S. 742 (1998)....................................................................10, 12, 15

*Burlington Northern and Santa Fe Railway Co. v. White*,
   548 U.S. 53 (2006).............................................................................11, 15

*Burton v. Batista*,
   339 F. Supp. 2d 97 (D.D.C. 2004) ...........................................................11

*Chandler v. DeJoy*,
   No. cv-20-00924-PHX-DWL, 2021 WL 673289 (D. Ariz. Feb. 22, 2021) ..............6

*City of Fresno v. United States*,
   709 F. Supp. 2d 888 (E.D. Cal. 2017) ...................................................7, 8

*Cornwell v. Electra Central Credit Union*,
   439 F.3d 1018 (9th Cir. 2006) ...........................................................9, 15

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ...................................................................6

*Darrah v. Salazar*,
   No. cv-11-3012-WFN, 2012 WL 589001 (E.D. Wash. Feb. 22, 2012) ............11, 14

*Federal Deposit Insurance Corporation v. Meyer*,
   510 U.S. 471 (1994)...........................................................................7

*Fonseca v. Sysco Food Servs. of Arizona, Inc.*,
   374 F.3d 840 (9th Cir. 2004) ..........................................................13

*Galloway v. Mabus*,
   No. 11-CV-0547-BEN-NLS, 2013 WL 435932 (S.D. Cal. Feb. 4, 2013) ...............8

*Gonzales v. Marriott International, Inc.*,
   142 F. Supp. 3d 961 (C.D. Cal. 2015) ...........................................11, 12

*Harris v. Potter*,
   No. 06-cv-700-DDN, 2007 WL 2994368 (E.D. Mo. Oct. 10, 2007) .....................14

*Hawn v. Executive Jet Management, Inc.*,
   615 F.3d 1151 (9th Cir. 2010) ........................................................13

*Hodge v. Dalton*,
   107 F.3d 705 (9th Cir. 1997) ...........................................................7

*Hsu v. Donahoe*,
   No. 13-cv-02253-PSG, 2014 WL 1153912 (N.D. Cal. Mar. 20, 2014) ...................6

*Huang v. Wieking*,
   No. CIV-S-07-0589-wbs, 2007 WL 1574552 (N.D. Cal. May 30, 2007)................7

*Huskey v. City of San Jose*,
   204 F.3d 893 (9th Cir. 2000) .........................................................8, 9

*Huyen Nguyen v. Esper*,
   722 Fed. App'x 688 (9th Cir. 2018) ..............................................11, 15

*Israel v. U.S. Bank, NA*,
   653 F. Supp. 3d 685 (D. Ariz. 2023) .................................................12

*Jachetta v. United States*,
   653 F.3d 898 (9th Cir. 2011) ...........................................................8

*Kayky v. Boeing Co.*,
   No. C15-0488RSL, 2016 WL 6525808 (W.D. Wash. Nov. 3, 2016) ....................13

*Kim v. Potter,*
　474 F. Supp. 2d 1175 (D. Haw. 2007)........................................................................13

*Kokkonen v. Guardian Life Insurance Company of America,*
　511 U.S. 375 (1994)...................................................................................................5

*Lacayo v. Donahoe,*
　No. 14-cv-04077-JSC, 2015 WL 993448 (N.D. Cal. Mar. 4, 2015) ........................6

*Lehman v. Nakshian,*
　453 U.S. 156 (1981)...................................................................................................7

*Lyons v. England,*
　307 F.3d 1092 (9th Cir. 2002) ..................................................................................9

*Mack v. South Bay Beer Distributors, Inc.,*
　798 F.2d 1279 (9th Cir. 1986) ..................................................................................6

*Mayo v. United States,*
　319 U.S. 441 (1943)...................................................................................................8

*McDonnell Douglas Corp. v. Green,*
　411 U.S. 792 (1973)...................................................................................................9

*McGuire v. United States,*
　550 F.3d 903 (9th Cir. 2008) ....................................................................................7

*Moran v. Selig,*
　447 F.3d 748 (9th Cir. 2006) ..................................................................................13

*Muldrow v. City of St. Louis,* 144 S. Ct. 967 (2024)........................................................10

*Munday v. Waste Management of North America, Inc.,*
　126 F.3d 239 (4th Cir. 1997) ..................................................................................11

*Navarro v. Block,*
　250 F.3d 729 (9th Cir. 2001) ....................................................................................5

*Nguyen v. McHugh,*
　65 F. Supp. 3d 873 (N.D. Cal. 2014) ................................................................11, 14

*Oncale v. Sundowner Offshore Services, Inc.*,
   523 U.S. 75 (1998) ...................................................................................... 15

*Papai v. Harbor Tug and Barge Co.*,
   67 F.3d 203 (9th Cir. 1995) ........................................................................... 6

*Pena v. Clark County*,
   No. 21-cv-05411-DGE, 2023 WL 3160157 (W.D. Wash. Apr. 28, 2023) ............. 14

*Ricci v. DeStefano*,
   557 U.S. 557 (2009) ..................................................................................... 13

*Rodney v. Department of Veterans Affairs*,
   No. CV 15-02984-DDP-AFM, 2016 WL 6637943 (C.D. Cal. Sept. 28, 2016) ........ 8

*Romain v. Shear*,
   799 F.2d 1416 (9th Cir. 1986) ......................................................................... 2

*Sommatino v. United States*,
   255 F.3d 704 (9th Cir. 2001) ........................................................................... 9

*Sopcak v. N. Mountain Helicopter Serv.*,
   52 F.3d 817 (9th Cir. 1995) ............................................................................ 5

*Staff v. Pall Corp.*,
   233 F. Supp. 2d 516 (S.D.N.Y. 2002) ............................................................. 12

*Suarez v. Del Toro*,
   No. 22-cv-00021-GPC, 2022 WL 1036775 (S.D. Cal. Apr. 6, 2022) .................... 12

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ........................................................................... 6

*Swinton v. Esper*,
   No. 18-cv-00381-LAB-MDD, 2020 WL 264582 (S.D. Cal. Jan. 17, 2020) ............ 12

*Texas Department of Community Affairs v. Burdine*,
   450 U.S. 248 (1981) ....................................................................................... 9

*United States v. Dalm*,
   494 U.S. 596 (1990) ....................................................................................... 7

*United States v. Mitchell*,
   463 U.S. 206 (1983) ............................................................................................7

*United States v. State of Washington*,
   872 F.2d 874 (9th Cir. 1989) ..........................................................................8

*Vasquez v. Cty. of Los Angeles*,
   349 F.3d 634 (9th Cir. 2003) ....................................................................13, 14

*Washington v. State of Illinois Department of Children and Family Services*,
   919 F. Supp. 1182 (N.D. Ill. 1996) ................................................................9

*White v. General Services Administration*,
   652 F.2d 913 (9th Cir. 1981) .........................................................................16

*Wood v. City of San Diego*,
   678 F.3d 1075 (9th Cir. 2012) ......................................................................13


**STATUTES**

29 U.S.C. § 794a ...............................................................................................2
42 U.S.C. § 2000e-16(c) .............................................................................2, 16


**RULES**

Fed. R. Civ. P. 12(b)(1).............................................................................1, 5, 6, 7
Fed. R. Civ. P. 12(b)(6).............................................................................1, 5, 6, 12
Fed. R. Civ. P. 12(h)(3).....................................................................................5

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 27, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 14A of the United States District Court for the Southern District of California, located at the James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California, before the Honorable Todd W. Robinson, Defendants Carlos Del Toro, Secretary of the Navy, and Defendant U.S. Department of the Navy (Defendants), will and hereby do move the Court for an order granting Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Mary Cile Glover-Rogers and Request for Judicial Notice filed contemporaneously herewith, and all pleadings and filings in this action, and such other written or oral argument as may be presented at or before the time the Court takes this motion under submission. In filing this motion, Defendants confirm compliance with Rule III.A.1 of District Judge Robinson's Standing Order for Civil Cases.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Numerous causes of action within Plaintiff Fred Ellis' (Plaintiff) Complaint should be dismissed based upon jurisdictional defects and his failure to state cognizable claims for relief.

As an initial matter, Plaintiff's First, Third, Fifth, and Seventh Causes of Action assert state law claims based on alleged violations of the California Fair Employment and Housing Act (FEHA). The FEHA claims fail for lack of jurisdiction because Plaintiff cannot identify any congressional act that waives sovereign immunity of the federal government where it consents to suit for violations of the FEHA.

Plaintiff's Second Cause of Action for race, sex, and gender discrimination and Sixth Cause of Action for retaliation in violation of Title VII should be dismissed with prejudice because the Complaint fails to allege sufficient facts to establish Plaintiff

suffered any adverse employment action. Thus, Plaintiff fails to establish the prima facie elements of these claims.

Finally, to the extent Plaintiff seeks to proceed with this case with respect to any defendant other than Carlos Del Toro, Secretary of the Navy, such defendants should be dismissed from this suit. The only proper defendant in this case is the agency head. *See* 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a; *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986). Accordingly, any defendant other than Carlos Del Toro should be dismissed.

Defendants respectfully request that the Court grant the instant Motion to Dismiss and dismiss the First, Second, Third, Fifth, Sixth, and Seventh Causes from Plaintiff's Complaint with prejudice.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Employment History

In approximately 2013, Plaintiff, an African American male, began working as a carpenter with the Department of the Navy (the Navy). *See* ECF No. 1 at ¶ 9 (Compl.). Plaintiff remains employed by the Navy, but now works as a construction mechanic. *Id.* While working as a carpenter, Plaintiff alleges that his supervisors and coworkers subjected him to discrimination, retaliation, and a hostile work environment in violation of Title VII and FEHA. *Id.* at ¶¶ 10, 25-59.

### B. Plaintiff's Administrative Claims

On July 12, 2018, Plaintiff filed a complaint with the Equal Employment Office (EEO) alleging that Defendants discriminated against him based on race (African American), sex (male), and in reprisal for prior protected EEO activity. *See* Compl. at ¶ 11; *see also* Decl. of Mary Cile Glover-Rogers in Support of Motion to Dismiss, ¶ 2, Ex. 1 (August 14, 2024) (Glover-Rogers Decl.); *see also* Request for Judicial Notice (August 14, 2024) (RJN). Plaintiff alleges "[w]hen Plaintiff first began filing his EEO complaint, Defendants' management directly advised him not to." Compl. at ¶ 12. Plaintiff claims Defendants assigned him to a different work facility

fifty-one miles from his duty station, allegedly in reprisal for filing the EEO complaint. *Id*.

Plaintiff generally alleges Defendants assigned more favorable workplaces and projects, amenities, and training opportunities to Hispanic and Caucasian coworkers. *Id*. at ¶¶ 12-14, 20. On one occasion, Defendants' management allegedly orally reprimanded Plaintiff when he performed a project poorly but his Caucasian coworker who worked on the same project did not receive a reprimand. *Id*. at ¶ 15. Plaintiff alleges that another coworker "deliberately sabotaged" a project he was working on by using a leaf blower to blow dust on freshly painted cabinetry, requiring Plaintiff to redo the paint. *Id*. at ¶ 16. Apparently, Defendants' management took no action when Plaintiff reported this to his supervisor. *Id*. Moreover, this same coworker allegedly harassed Plaintiff by "undermining his ability to get work done" and made "racist statements" in Plaintiff's presence. *Id*.

Additionally, Plaintiff alleges his Hispanic supervisor showed Plaintiff hostility due to his race and allegedly implied to Plaintiff that "only Mexicans should work at Defendants' facilities in the maintenance department." *Id*. at ¶ 17. After Plaintiff filed his EEO complaint, Defendants' supervisors allegedly retaliated against him by making demeaning and negative comments towards Plaintiff and they eventually held a face-to-face "counseling" session with Plaintiff. *Id*.

On September 26, 2019, while Plaintiff and his coworkers were waiting for a morning safety meeting to begin, videos played that contained white supremacist imagery and portrayed derogatory stereotypes about African Americans. *Id*. at ¶ 18. The following day, on September 27, 2019, Plaintiff's supervisor denied his overtime request, citing no overtime was available for the requested date. *Id*. at ¶ 19. Later, Plaintiff overheard his supervisor asking other Hispanic and Caucasian employees if they could work overtime for that date. *Id*. On September 30, 2019, Defendants' management allegedly denied Plaintiff the opportunity to attend a training class due to lack of a budget, but they approved and funded a Caucasian female coworker to attend

the same training. *Id*. at ¶ 20.

Ultimately, Plaintiff filed another EEO complaint on January 5, 2020, alleging Defendants discriminated against him based on his race, sex, age, and in reprisal for prior protected EEO activity. *Id*. at ¶ 22. The EEO completed its investigation in relation to the 2018 and 2020 EEO complaints and issued a final decision.[1] *Id*. at ¶ 24. The EEO's decision was affirmed on appeal on September 5, 2023. *Id*.

### C.    Plaintiff's Allegations in this Action

On November 16, 2023, Plaintiff filed the instant action alleging the following causes of action: (1) discrimination in violation of FEHA; (2) discrimination in violation of Title VII; (3) hostile work environment harassment in violation of FEHA; (4) hostile work environment harassment in violation of Title VII; (5) retaliation in violation of FEHA; (6) retaliation in violation of Title VII; (7) failure to prevent discrimination, harassment, and retaliation from occurring in violation of FEHA. *See* Compl. at ¶¶ 25-59.

## III.    PROCEDURAL HISTORY

Plaintiff filed two separate EEO claims on July 12, 2018, and January 5, 2020. Compl. at ¶ 24. Both complaints were consolidated and assigned to an Administrative Judge (AJ) from the EEO's Los Angeles District Office. *See* Glover-Rogers Decl., Ex. 3; *see also* RJN. After a hearing, on February 10, 2022, the AJ issued a decision and order entering judgment in favor of the Navy on all claims. Glover-Rogers Decl., Ex. 3. On March 22, 2022, the EEO issued a Final Order in favor of the Navy with regard to the entirety of both complaints. *See* Glover-Rogers Decl., Ex. 4; *see also* RJN. Plaintiff appealed the final order to the EEO's Office of Federal Operations (OFO). *See* Glover-Rogers Decl., Ex. 5; *see also* RJN. On September 5, 2023, the OFO issued its decision on appeal affirming the EEO's final order. *Id*. Plaintiff timely filed the

---

[1] The EEO issued a Decision and Order Entering Judgment in Favor of the Agency on February 10, 2022, however, the final agency decision was issued on March 22, 2022. *See* Glover-Rogers Decl., ¶¶ 4-5 & Exs. 3-4; *see also* RJN.

instant action. *See generally* Compl.

## IV.   LEGAL STANDARD

### A.   Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

### B.   Rule 12(b)(6) – Failure to State a Claim for Relief

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the pleading contains enough facts to raise a reasonable expectation that discovery will reveal evidence of the misconduct alleged. *Id.* The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted). While allegations of material fact are taken as true and construed in the light most favorable to the non-moving party, the court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will do"). "[W]here the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When ruling on a motion to dismiss under Rule 12(b)(6), the court may consider the information contained in the pleadings, exhibits attached to the complaint, and "matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). As a general matter, the court may take judicial notice of orders and decisions of other courts or administrative agencies. *See Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds, Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548 (1997); *see also Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("a court may take judicial notice of records and reports of administrative bodies"), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Further, on a motion to dismiss, a court can consider "matters of public record" and documents upon which "the complaint necessarily relies" if "the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

In employment discrimination cases, courts routinely consider the administrative records of a plaintiff's claims before the EEO as judicially noticeable matters of public record. *See, e.g., Chandler v. DeJoy*, No. cv-20-00924-PHX-DWL, 2021 WL 673289, *1 n. 2 (D. Ariz. Feb. 22, 2021) (taking judicial notice of underlying EEO documents in ruling on motion to dismiss for failure to state a claim under Rule 12(b)(6)); *Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 WL 993448, **9-10 (N.D. Cal. Mar. 4, 2015) (taking judicial notice of "extrinsic evidence that Defendant submitted" because it "pertains to Plaintiff's administrative proceedings with the EEO" and "thus, all are either referenced in the complaint or matters of public record and properly considered on either a 12(b)(1) or 12(b)(6) motion to dismiss"); *Hsu v. Donahoe*, No. 13-cv-02253-PSG, 2014 WL 1153912, *2 (N.D. Cal. Mar. 20, 2014) (taking

judicial notice of 14 documents "stemming from [the plaintiff's] employment, litigation, and EEO history"); *Huang v. Wieking*, No. CIV-S-07-0589-wbs, 2007 WL 1574552, *2 (N.D. Cal. May 30, 2007) (ruling that court could properly consider "the Grievance and EEO Policy, the EDR Plan, and the administrative record of plaintiff's termination" because it was "part of the public record").

## V.    ARGUMENT

### A.    Sovereign Immunity Bars Any FEHA State Law Claims.

Plaintiff's First, Third, Fifth, and Seventh Causes of Action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), because the United States has not waived sovereign immunity for the FEHA state law claims.

"It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008); *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Lehman v. Nakshian*, 453 U.S. 156, 160-161 (1981). This doctrine equally applies to federal agencies and federal employees acting within their official capacities. *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (internal citation omitted).

Absent a waiver of sovereign immunity, federal courts have no subject matter jurisdiction in cases against the federal government. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "Where a suit has not been consented to by the United States, dismissal of the action is required because the existence of such consent is a prerequisite for jurisdiction." *McGuire*, 550 F.3d at 910.

As it relates to claims arising from state law, it is important to note that "'the activities of the federal government are free from regulation by any state.'" *City of*

*Fresno v. United States*, 709 F. Supp. 2d 888, 908 (E.D. Cal. 2017) (quoting *United States v. State of Wash.*, 872 F.2d 874, 877 (9th Cir. 1989)); *see also Mayo v. United States*, 319 U.S. 441, 446 (1943). State law may not act to waive the federal government's sovereign immunity; only Congress has the power to do so. *Mayo*, 319 U.S. at 446 ("It lies within Congressional power to authorize regulation . . . by the state of federal instrumentalities.").

Here, Plaintiff can point to no congressional statute or legislation that unequivocally waives the sovereign immunity of the federal government for claims under the FEHA. *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) ("Before we may exercise jurisdiction over any suit against the government, we must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'") (internal citation omitted); *see also Galloway v. Mabus*, No. 11-CV-0547-BEN-NLS, 2013 WL 435932, at *7 (S.D. Cal. Feb. 4, 2013) (FEHA claim barred by doctrine of sovereign immunity); *Rodney v. Dep't of Veterans Affairs*, No. CV 15-02984-DDP-AFM, 2016 WL 6637943, at *4 (C.D. Cal. Sept. 28, 2016) (dismissing state law claims when no authority showing a waiver of sovereign immunity). Without such waiver, Plaintiff's First, Third, Fifth, and Seventh Causes of Action should be dismissed because the Court lacks jurisdiction over the FEHA and state law claims.

## B.    Plaintiff's Title VII Discrimination Claim Fails.

Plaintiff's Second Cause of Action alleges discrimination based on race, sex, and gender in violation of Title VII. *See* Compl., ¶¶ 30-34. Specifically, Plaintiff alleges that Defendants' management discriminated against him based on the fact he was African American and male. *See generally* Compl.

To state a viable claim of race, gender, or sex discrimination, Plaintiff must do more than reason backwards by engaging in the logical fallacy of "post hoc ergo propter hoc" ("after this, therefore because of this"), i.e., "I am an African American male and was mistreated, therefore I was mistreated because I am an African American male."

*See, e.g.*, *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000); *see also Washington v. State of Illinois Dep't of Children and Family Servs.*, 919 F. Supp. 1182, 1191 (N.D. Ill. 1996) ("[s]tanding alone, membership in a group protected by antidiscrimination statutes will not shield an employee"). Instead, to establish a prima facie case for discrimination under Title VII, Plaintiff must prove that: (1) he belongs to a class of persons protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) Plaintiff's employer treated him differently than a similarly situated employee who does not belong to the same protected class as Plaintiff. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If Plaintiff establishes a prima facie case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for the challenged action. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If Defendant provides such a reason, Plaintiff then bears the ultimate burden of proving that Defendant's proffered reason is a pretext for discrimination. *Id.* at 253.

Here, Defendants do not dispute that Plaintiff is a member of a protected class. However, the Complaint fails to sufficiently plead that Plaintiff suffered an adverse employment action or that his employer treated him differently than similarly situated employees. Thus, Plaintiff's Second Cause of Action should be dismissed with prejudice.

### 1. Plaintiff's Allegations Regarding Discrimination and Harassment Prior to February 23, 2018, are Time Barred.

As a preliminary matter, any allegation of discrimination or harassment prior to February 23, 2018, is time barred. Federal employees are required to exhaust their administrative remedies before bringing Title VII complaints. *Sommatino v. United States*, 255 F.3d 704, 707-708 (9th Cir. 2001). Here, Plaintiff initiated EEO contact on April 9, 2018. *See* Glover-Rogers Decl., Ex. 1 at Bates No. 00003. Accordingly, Plaintiff's allegations regarding discrimination and

harassment that predate February 23, 2018, are time-barred. *See Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (holding that because plaintiffs "initially contacted an EEO counselor on June 20, 1996," all Title VII claims "arising out of incidents occurring before May 7, 1996 are time-barred"). Among other things, this includes allegations that the Navy: (1) ignored Plaintiff's request for a travel card to attend training which occurred on or about January 2018; (2) denied Plaintiff training opportunities prior to February 23, 2018; and (3) "implied to Mr. Ellis that only Mexicans should be allowed to work at Defendants' facilities in the maintenance department" which allegedly occurred on or about January 2018. *See* Compl. at ¶¶ 14, 17; *see also* Glover-Rogers Decl., Ex. 1 at Bates No. 00009, 00012-00013.

### 2. *Plaintiff Did Not Suffer an Adverse Employment Action.*

Even considering Plaintiff's timely-filed allegations of discrimination, the Complaint fails to plead any facts to establish Plaintiff suffered an adverse employment action. The Supreme Court has defined the "adverse employment action" element of a discrimination claim as a change in employment status, such as hiring, firing, failing to promote, reassignment with different responsibilities, or a decision causing a change in benefits. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *but see Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024) (holding that no "heightened bar" exists to make a showing of harm).

First, there is no allegation that Plaintiff received any formal discipline, including written reprimands, pay cuts, suspensions, demotions, or termination. In fact, Plaintiff continues to be employed by the Navy, albeit in a different position. *See* Compl. at ¶ 9. The only purported "discipline" identified in the Complaint is the relocation of Plaintiff's work site without any change in job duties, stray remarks about his job performance, and an informal counseling session with Defendants' management. *Id.* at ¶¶ 12, 15, 17.

Second, Plaintiff alleges he was discriminated against when, beginning on or around July 12, 2018, and continuing to January 5, 2020, Defendants'

management: (1) made stray remarks about his job performance; (2) subjected Plaintiff to allegedly unfavorable and/or isolating work conditions; (3) denied Plaintiff overtime and training opportunities; and (4) subjected him to inappropriate video content during a safety briefing. *See* Compl. at ¶¶ 12-15, 19-21, 32. However, as explained below, none of these allegations, even viewed in the light most favorable to Plaintiff, are sufficient to establish that he was subjected to an adverse employment action.

### i. Remarks about Plaintiff's Job Performance

The Complaint fails to allege any facts to suggest that Defendants' remarks about Plaintiff's job performance resulted in any adverse employment action or substantially affected Plaintiff's terms of employment. Though Plaintiff may have been offended by receiving an oral reprimand, this does not rise to the level of an adverse employment action under Title VII. *See Burton v. Batista*, 339 F. Supp. 2d 97, 110-111 (D.D.C. 2004) (poor performance evaluations and criticism of an employee's performance are generally not adverse employment actions if they do not affect the employee's grade or salary); *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("personality conflicts are not actionable" under Title VII); *Munday v. Waste Management of North America, Inc.*, 126 F.3d 239, 243 (4th Cir. 1997) (holding that yelling at plaintiff "does not rise to the level of an adverse employment action for Title VII purposes"); *Nguyen v. McHugh*, 65 F. Supp. 3d 873, 893 (N.D. Cal. 2014) ("neither a 'bruised ego' nor public humiliation rises to the level of an adverse employment action"), *aff'd sub nom. Huyen Nguyen v. Esper*, 722 Fed. App'x 688 (9th Cir. 2018).

### ii. Plaintiff's Working Conditions

Plaintiff further alleges that, in reprisal for his filing of an EEO complaint, he was moved to a facility fifty-one miles away from his original workstation. *See* Compl. at ¶ 12. While Plaintiff was reassigned to another location, nothing in the Complaint suggests that this reassignment came with different responsibilities. As such, this is not sufficient to plead an adverse employment action under the law. *Darrah v. Salazar*,

No. cv-11-3012-WFN, 2012 WL 589001, at *6 (E.D. Wash. Feb. 22, 2012) (change in work station 23.1 miles away did not amount to adverse employment action to support age discrimination claim); *see also Gonzales v. Marriott Int'l, Inc.*, 142 F. Supp. 3d 961, 983-84 (C.D. Cal. 2015) ("[Plaintiff's] allegations regarding the inconvenience she experienced in changing her work schedule and missing lunches and social events are not sufficient to plead adverse employment action as a matter of law."). Likewise, the allegation of being denied a storage cage is insufficient to state a prima facie claim for discrimination because there are no facts to suggest that it affected Plaintiff's ability to fulfill his job responsibilities. *See generally, Ellerth* 524 U.S. at 761. (1998); *see also Staff v. Pall Corp.*, 233 F. Supp. 2d 516, 532 (S.D.N.Y. 2002), *aff'd,* 76 Fed. Appx. 366 (2d Cir. 2003) (unpublished) (where an employee was denied expected amenities, but Plaintiff was able to fulfill his job-related responsibilities, denial of amenities did not constitute an adverse employment action).

Plaintiff's allegation that Defendants subjected Plaintiff to isolating working conditions is equally unavailing because there is nothing to suggest Plaintiff suffered any tangible harm. *See* Compl. at ¶¶ 21, 32. Further, Plaintiff's allegation that Defendant assigned "an inequitable amount of work to perform on his own" is nothing more than a vague, conclusory allegation that is insufficient to withstand a Rule 12(b)(6) motion. *See* Compl., ¶ 32; *see also Twombly*, 550 U.S. at 555. To be sure, the Complaint is silent as to whether the alleged increase in work was outside the scope of Plaintiff's employment. *See, e.g., Suarez v. Del Toro*, No. 22-cv-00021-GPC, 2022 WL 1036775, at *4 (S.D. Cal. Apr. 6, 2022) ("The Court does not find that assigning Plaintiff RA requests constitutes the assignment of more or overly burdensome work responsibilities, since Plaintiff herself acknowledges that RA requests were part of her position description."); *Swinton v. Esper*, No. 18-cv-00381-LAB-MDD, 2020 WL 264582, at *3 (S.D. Cal. Jan. 17, 2020) ("In [the plaintiff's] view, this increased workload amounted to an adverse employment action. . . . 'Cost monitoring,' however, is a duty specifically included in [the plaintiff's] job description . . . . As such, the assignment of

additional cost-monitoring work did not 'materially affect' the terms of his employment and therefore did not constitute an adverse employment action . . . .").

### iii.     Denial of Training

The Complaint alleges Defendants denied Plaintiff's requests for training, however, there are no facts to suggest that any denial of training substantially altered Plaintiff's employment status. *See* Compl. at ¶¶ 14, 20, 32; *see also Kayky v. Boeing Co.*, No. C15-0488RSL, 2016 WL 6525808, at *5, at n.4 (W.D. Wash. Nov. 3, 2016) (finding no adverse employment action in being denied the opportunity to take a training course which resulted in no tangible employment consequence).

### iv.     Denial of Overtime

While denial of overtime can negatively impact a Plaintiff's compensation and thus, "affect the terms, conditions, and privileges of Plaintiff's employment," the Complaint fails to identify whether any employees who were awarded overtime over Plaintiff were similarly situated to Plaintiff.  *See* Compl. at ¶ 19; *see also Israel v. U.S. Bank, NA*, 653 F. Supp. 3d 685, 694 (D. Ariz. 2023) (quoting *Kim v. Potter*, 474 F. Supp. 2d 1175, 1189 (D. Haw. 2007)) (citing *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847-48 (9th Cir. 2004)). "Disparate treatment occurs where an employer has treated a particular person less favorably than another because of a protected trait." *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (citing *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). "In order to show that the 'employees' allegedly receiving more favorable treatment are similarly situated (the fourth element necessary to establish a prima facie case under Title VII), the individuals seeking relief must demonstrate, at the least, that they are similarly situated to those employees in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (citing *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660 (9th Cir. 2002)). "Materiality will depend on context and the facts of the case." *Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1157 (9th Cir. 2010). Generally, the Ninth Circuit has found that "individuals are similarly situated when they have similar jobs and display similar

1    conduct." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).

2    Here, the Complaint alleges "[o]n or about September 27, 2019, [Plaintiff's]

3    supervisor denied his overtime request, citing that no overtime was available for

4    September 28, 2019. [Plaintiff] then overheard his supervisor asking other Hispanic and

5    Caucasian employees if they could work overtime on September 28, 2019." *See* Compl.

6    at ¶ 19. However, the Complaint fails to allege whether the aforementioned employees

7    performed the same job duties, were in the same division, garnered the same pay, or

8    had the same qualifications as Plaintiff. *See, e.g.*, *Vasquez*, 349 F.3d at 641-42 (finding

9    other employees were not similarly situated to the plaintiff because they had different

10   job responsibilities and did not disobey a direct order from their supervisor, unlike the

11   plaintiff); *see also Harris v. Potter*, No. 06-cv-700-DDN, 2007 WL 2994368, at

12   *4 (E.D. Mo. Oct. 10, 2007) (granting summary judgment on Title VII claim involving

13   allegations of denial of overtime when plaintiff failed to show employees receiving

14   overtime were similarly situated to plaintiff). Even then, a single instance of being

15   denied overtime is insufficient to alter the terms of Plaintiff's employment.

16   *See, e.g., Pena v. Clark Cty.*, No. 21-cv-05411-DGE, 2023 WL 3160157, at

17   *10 (W.D. Wash. Apr. 28, 2023) (finding no adverse employment action to support

18   Title VII disparate treatment claim when employee complained of two pay disputes,

19   including denial of an overtime shift, both of which were eventually resolved); *Darrah*,

20   2012 WL 589001, at *7 (finding allegations of loss of overtime did not amount to

21   adverse employment action to support age discrimination claim).

22              v.    *Display of Inappropriate Videos at Safety Briefing*

23   On September 26, 2019, while Plaintiff and his coworkers were waiting for a

24   morning safety meeting, videos played containing "white supremacist imagery,

25   including Neo-Nazi and Klu Klux Klan images" and "derogatory stereotypes about

26   African Americans." *See* Compl. at ¶ 18. Plaintiff alleges Defendants' management did

27   nothing to stop the videos from playing. *Id.* While this incident was likely humiliating

28   for Plaintiff, as a matter of law, being subjected to inappropriate content does not rise

to the level of an adverse employment action. *See Nguyen*, 65 F. Supp. 3d at 893 (N.D. Cal. 2014) ("neither a 'bruised ego' nor public humiliation rises to the level of an adverse employment action") *aff'd sub nom. Huyen Nguyen v. Esper*, 722 Fed. App'x 688 (9th Cir. 2018).

Given that there are no allegations to suggest Plaintiff suffered an adverse employment action or that Defendants treated Plaintiff differently than similarly situated employees, the Complaint fails to state a prima facie claim for discrimination in violation of Title VII.

## C.    Plaintiff's Title VII Retaliation Claim Fails.

To establish a prima facie claim of retaliation, Plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between his protected activity and the adverse employment action. *Cornwell*, 439 F.3d at 1034-35. With respect to retaliation claims, the Supreme Court has defined the "adverse employment action" element as requiring "injury or harm" that is "a reasonable employee would have found . . . materially adverse" because "it might have dissuaded a reasonable worker from making or supporting a charge of discrimination somewhat differently." *See White*, 548 U.S. at 67-68. Because Title VII was not meant to be a "general civility code" for the workplace, not every perceived slight or annoyance will create such a deterrence. *Id.* at 68 (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998)). Rather, an adverse employment action requires "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a change in benefits." *Ellerth*, 524 U.S. at 761.

Plaintiff's retaliation claim fails for the same reasons as the discrimination claim because the Complaint fails to identify that Plaintiff suffered any adverse employment action. *See supra* pp. 10-15.

/ / /

/ / /

**D.** **The Secretary of the Navy is the Only Proper Defendant in a Title VII Action.**

In addition to the Secretary of the Navy Carlos Del Toro, Plaintiff's Complaint names the U.S. Department of the Navy and fifty "Doe" defendants to be ascertained and named in the course of litigation. *See* Compl. at ¶¶ 4-5. The U.S. Department of the Navy and the fifty "Doe" defendants should be dismissed as defendants in this suit because the head of a federal agency is the only proper defendant in Title VII action. *See* 42 U.S.C. § 2000e-16(c) (stating that in employment discrimination suit against federal government, "the head of the department, agency, or unit, as appropriate, shall be the defendant"); *see also White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 n.4 (9th Cir. 1981) ("Title VII provides that actions based upon federal employment discrimination are to be brought against the director of the agency concerned.").

Because the entirety of Plaintiff's Complaint is predicated upon allegations of employment discrimination, hostile work environment, and retaliation by a federal agency, the only actionable claims, if at all, are the Second, Fourth, and Sixth causes of action under Title VII. As such, Carlos Del Toro, Secretary of the Navy, is the only proper defendant. Thus, Defendants respectfully request the Court to dismiss the U.S. Department of the Navy and the fifty "Doe" defendants.

## VI.  CONCLUSION

Defendants request that the Court dismiss Plaintiff's First, Second, Third, Fifth, Sixth, and Seventh Causes of Action with prejudice. Defendants also request that the Court dismiss, with prejudice, all defendants except Defendant Del Toro.

Dated:        August 14, 2024        Respectfully submitted,

TARA K. McGRATH
United States Attorney

*s/Mary Cile Glover-Rogers*
MARY CILE GLOVER-ROGERS
Attorneys for Defendant
Carlos Del Toro, Secretary of the Navy