Armond M. Jackson, SBN 281547
ajackson@jacksonapc.com
**JACKSON LAW**
A Professional Law Corporation
2 Venture Plaza, Ste. 400
Irvine, CA 92618
Phone: (949) 281-6857
Facsimile: (949) 777-6218

Attorneys for Plaintiff Fred Ellis

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ELLIS, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>US DEPARTMENT OF THE NAVY; CARLOS DEL TORO, in his official capacity as United States Secretary of the Navy,<br><br>Defendant. | Case No. 23-CV-2111-twr-ahg<br><br>**Assigned for all purposes to: Judge Todd W. Robinson**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Date**: February 27, 2025<br>**Time**: 1:30 p.m.<br>**Courtroom**: 14a |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# Table of Contents

I. INTRODUCTION…………………………………………………………………1

II. FACTUAL BACKGROUND ……………………………………………………1

III. LEGAL STANDARD FOR A MOTION TO DISMISS …….………………4

IV. ARGUMENT ………………………………………………………..…………2

    A. Discrimination Claim …..………………………………………………..2

        1. Plaintiff's Allegations Before February 23, 2018 Are Not Time Barred As They Consist of a Continuing Violation…...…………...2

        2. Plaintiff's Allegations of Gender and Race Discrimination Support His Title VII Claims,,,,…………………….3

        *3.* Plaintiff Was Treated Differently…………………………………….4

    B. Retaliation Claim.…………………………………………………..4

V. CONCLUSION..............................................................................................6

# Table of Authorities

**CASES**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937, 1949-50 (2009), ………….…………………………….....……1

*Burlington Indus., Inc. v. Ellerth*,
   524 U.S. 742, 761 (1998) ..............................................................................3

*Burlington Northern and Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) .......................................................................................3

*Cornwell v. Electra Cent. Credit Union*,
   439 F.3d 1018, 1028 (9th Cir. 2006) ..........................................................2, 6

*Muldrow v. City of St. Louis*,
   144 S. Ct. 967 (2024) ……………………....…………………………..1

*National R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101, 117 (2002) ..............................................................................2

*Okonowsky v. Garland*
   109, F. 4th. 1166, 1181 (2024) .................................................................. 3, 4

*Washington v. Davis*,
   426 U.S. 229, 242. (1976) ............................................................................3

# I. INTRODUCTION

Plaintiff opposes Defendant's request to dismiss Plaintiff's meritorious discrimination claims and retaliation claims pursuant to Title VII.[1] Thus, this motion will address Plaintiff's opposition to Defendant's arguments surrounding failure to state a discrimination and retaliation claim pursuant to Title VII.

# II. FACTUAL BACKGROUND

On November 11, 2023, Plaintiff filed a claim for discrimination, harassment and retaliation. Dkt. No. 1, "Compl." ¶¶ 8-24. Plaintiff alleged Defendant subjected him discriminatory, retaliatory and harassing conduct. *Id*. Plaintiff, amongst other things, alleged he was subjected to denial of training and promotional opportunities, subjected to derogatory remarks and activities towards his protected class, reassigned to a new location without proper heating or clean restrooms, Plaintiff's work was sabotaged, Plaintiff was denied overtime opportunities along with benefits and amenities while witnessing other coworkers being treated more favorably outside of his protected class. *Id*.

# III. LEGAL STANDARD FOR A MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria; (1) It must assert a plausible claim; and (2) it must set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." (*Id*. at 1949) Defendant takes issue with Plaintiff's Title VII discrimination and retaliation claims.

---

[1] Plaintiff does not oppose Defendant's request to dismiss Plaintiff's state law claims Causes of Action Nos. 1, 3, 5, and 7, and the U.S. Department of the Navy.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS-1**

## IV. ARGUMENT

### A. Discrimination Claim

For a prima facie case, the Plaintiff must prove that; (1) Plaintiff belonged to a protected class; (2) Plaintiff performed his job satisfactorily; (3) Plaintiff suffered an adverse employment action; and (4) Plaintiff was treated differently than a similarly situated employee that was outside of its protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Defendant's do not dispute Plaintiff belonged to a protected class and does not appear to dispute or address whether Plaintiff performing his job satisfactorily. The only elements that appear in dispute are; (1) whether Plaintiff was subjected to an adverse employment action; and (2) whether Plaintiff's employer treated him differently than a similarly situated employee who does not belong to the same protected class as Plaintiff. Here, the totality of Plaintiff's allegations in support of his race, gender and sex discrimination claim along with his retaliation claim support his entitlement to relief pursuant to Title VII.

### 1. Plaintiff's Allegations Before February 23, 2018 Are Not Time Barred As They Consist of a Continuing Violation

"The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). Facts such as denial of training, denial of benefits and derogatory comments towards Plaintiff's protected class contribute to the practice and pattern of Plaintiff's discrimination, retaliation and harassment claims showing a continuing violation and should not be time barred consistent with *Morgan*.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS-2**

   2. *Plaintiff's Allegations of Gender and Race Discrimination Support His Title VII Claims*

      a. *Adverse Employment Action*

An "adverse employment action" can consist of a change in employment status, such as hiring, firing, failing to promote, reassignment with different responsibilities, or a decision causing a change in benefits. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *but see Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024) (holding that no "heightened bar" exists to make a showing of harm). The "totality of the relevant facts" are taken into consideration when analyzing discriminatory treatment. *Washington v. Davis*, 426 U.S. 229, 242. (1976). The, "[t]he phrase 'terms, conditions, or privileges of employment' [of 42 U.S.C. § 2000e-2(a)(1)] evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment." *National R.R. Passenger Corp., supra*, 536 U.S. at p. 116. "Workplace conduct is not measured in isolation. (*Id*.) Here, denial of training, reassignment to a location 51 miles away without proper heating or clean restrooms, denial of overtime, denial of promotional opportunities all contribute to the adverse employment action. Compl. ¶¶ 10-19. Although Defendant attempts to isolate and minimize each action, these actions are intertwined and cannot be segmented and isolated to undermine the impact of the actual reality of what Plaintiff was subjected to. *Id*. The cases analyzed by Defendants reference snippets of isolated events rather than the entire picture of what the Plaintiff here was subjected to thereby making them unpersuasive.

Ultimately, the question of adverse employment action is normally presented to a jury as a question of fact. *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Based upon the totality of the circumstances, the "adverse impact on the plaintiff's working conditions is the 'focus'" *Okonowsky v. Garland*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS-3**

109, F 4th. 1166, 1181 (2024). In *Okonowsky*, recently the Ninth Circuit determined that "ample evidence" was produced to show "discriminatory conduct" when evidence demonstrated that the conduct "ma[de] it more difficult for [plaintiff'] to do her job, take pride in her work, and to desire to stay in her position. *Id*. Here, purposely not informing Plaintiff of training, reassigning him 51 miles away to a new location, denying his overtime requests, denial or proper heating and restrooms in his work locations would reasonably make it more difficult for Plaintiff to do his job while takin the pride out of Plaintiff's work and a desire to stay in his position. Compl. ¶¶ 10-19 These same facts are similar to *Okonowsky* demonstrating an adverse employment action.

      3.  *Plaintiff Was Treated Differently*

Plaintiff alleged "he was the sole [member of protected class] working for Defendants." Compl. ¶ 10, lines 9-12. Plaintiff was denied "proper heating and clean restroom." Compl. ¶ 12, lines 17-28. Defendants would "purposely not informing [Plaintiff] when new training and promotion opportunities arose" while they would inform other members outside of Plaintiff's protected class of promotional opportunities and training. Compl. ¶ 14, lines 4-10. Plaintiff was also subjected to demeaning imagery in a meeting amongst his peers "portraying derogatory stenotypes" directed at Plaintiff's gender and race. Compl. ¶ 14, lines 4-10. Plaintiff was then also denied "overtime request" while others outside of his protected class were allowed overtime. Compl. ¶ 19. Defendant has not disputed these events and has not demonstrated that someone else that was similarly situated to Plaintiff was treated in a similar fashion as him. Thus, the allegations support a finding that Plaintiff was treated differently in support of his discrimination claim to defeat Defendant's motion to dismiss.

      **B.  Retaliation Claim**

For retaliation, the allegations must show; (1) Plaintiff engaged in a protected activity; (2) Plaintiff suffered an adverse employment action and (3) the

causal link exists between the protected activity and the adverse employment action. *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1034-35, 9th Cir. 2006. It appears Defendant is only attacking the adverse employment action element. For retaliation, there is a "broader protection" to address all of the potential circumstances regarding retaliatory treatment extending the standard to "show that the challenged action 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington, supra*, 548 U.S. 53, 54 (2006) After Plaintiff filed his EEO Complaint, he was reassigned to a facility 51 miles away, without proper heating and clean restrooms. Compl. ¶ 12. Plaintiff was also assigned to less favorable projects while these projects were labeling assigned to less qualified workers outside of Plaintiff's protected class. *Id*. Plaintiff was also segregated and isolated and denied from having the same amenities as other employees outside of Plaintiff's protected class.  Compl. ¶¶ 12-13. Additionally, Plaintiff's work was "sabotaged" and Defendant "undermined" his career by denying training and [promotional opportunities. Compl. ¶¶ 12-13. These allegations support a claim to show adverse employment action and would certainly dissuade a reasonable worker from making or supporting a charge of discrimination if having to face these challenges at work. *Burlington, supra*, 548 U.S. 53, 54 (2006). The question of adverse employment action should be left to a jury to decide as the factual allegations establish a claim for retaliation.

### C. Permission to Amend

Alternatively, Plaintiff requests this Court to permit Plaintiff to file an amended complaint should the Court find insufficiencies in its factual allegations to address any issues presented.

///


///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS-5**

## V. CONCLUSION

Plaintiff's discrimination claim and retaliation claim meet the standard and the allegations support finding for adverse employment actions and discriminatory and retaliatory conduct. Dismissal of his claim is unwarranted.

Dated: September 30, 2024                    Jackson Law, APC

By:/s/ Armond M. Jackson, Plaintiff's Counsel