TARA K. McGRATH
United States Attorney
MARY CILE GLOVER-ROGERS
California Bar No. 321254
GLEN F. DORGAN
California Bar No. 160502
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7643
Facsimile: (619) 546-7751
E-mail: mary.glover-rogers@usdoj.gov
E-mail: glen.dorgan@usdoj.gov
Attorneys for Defendant
Carlos Del Toro, Secretary of the Navy

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRED ELLIS, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>US DEPARTMENT OF THE NAVY; CARLOS DEL TORO, in his official capacity as United States Secretary of the Navy,<br><br>　　　　　Defendants. | Case No.: 23-cv-2111-TWR-AHG<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>DATE:　　　February 27, 2025<br>TIME:　　　1:30 p.m.<br>JUDGE:　　Hon. Todd W. Robinson<br>COURTROOM: 14A |

# I.

## THE STATE LAW CLAIMS AND THE NAVY SHOULD BE DISMISSED

In his Opposition, Plaintiff concedes that (i) his claims predicated on the California Fair Employment and Housing Act (FEHA) are subject to dismissal; and (ii) the U.S. Department of the Navy is an improper party defendant to this action. *See* Opposition [ECF #12], pg. 1, fn. 1 ("Plaintiff does not oppose Defendant's request to dismiss Plaintiff's state law claims Causes of Action Nos. 1, 3, 5, and 7, and the U.S. Department of the Navy"). Accordingly, the Court should grant this motion and dismiss, with prejudice, the U.S. Department of the Navy, and the First, Third, Fifth, and Seventh Causes of Action.

# II.

## PLAINTIFF MISAPPLIES THE LAW APPLICABLE TO HIS "DISCRETE ACTS" ALLEGATIONS IN HIS SECOND CAUSE OF ACTION

Plaintiff's Complaint raises two distinct claims of discrimination. While the Second Cause of Action asserts a "discrete acts" claim, the Fourth Cause of Action asserts a "hostile environment" claim. *Compare* Complaint, 9:13 (asserting a "Violation of Title VII") *with* Complaint, 11:21 (asserting a claim "For Hostile Work Environment—Harassment Title VII").[1] Defendant's motion to dismiss challenges only the "discrete acts" claim pled in the Second Cause of Action. Specifically, Defendant seeks dismissal of the Second Cause of Action on the basis that (i) each alleged discriminatory act prior to February 23, 2018, is time barred; and, with regard to allegations of discrimination after February 23, 2018, (ii) Plaintiff fails to sufficiently plead that he suffered an adverse employment action or that his employer treated him differently. *See* Motion [ECF #9-1], 8:20-15:8.

---

[1] To be sure, the allegations within each cause of action are confusing. For example, both the Second Cause of Action and the Fourth Cause of Action reference cases addressing hostile environment claims. *See* Complaint, ¶¶ 31, 41. Yet, only the Fourth Cause of Action expressly alleges that "Plaintiff was subjected to [a] hostile work environment." *Id.*, ¶ 40. It follows, therefore, that Plaintiff is either asserting two hostile environment causes of action or one discrete act discrimination claim and a separate hostile environment claim. If it is the former, the Second Cause of Action must be dismissed as duplicative of the Fourth. If it is the latter, the Second Cause of Action asserting a discrete act claim must be dismissed for the reasons set forth in the Motion to Dismiss.

In opposing dismissal, Plaintiff argues that the Court must apply the "continuing violation" doctrine to save his pre-February 2018 allegations. Opposition [ECF #12], 2:14-25. Turning to the post-February 2018 allegations, Plaintiff criticizes Defendant for analyzing each alleged act of discrimination in isolation, and he insists that the Court consider the alleged acts cumulatively in evaluating whether Plaintiff was subjected to an adverse employment action. *Id.* at 3:17-4:9. In presenting these arguments, however, Plaintiff improperly applies the law applicable to hostile environment claims and ignores the law applicable to discrete act claims. The Court, therefore, must reject Plaintiff's contentions and dismiss the Second Cause of Action.

### A. The Continuing Violation Doctrine Does Not Apply to Discrete Acts.

Because discrete acts claims are "different in kind" from hostile environment claims, the Supreme Court has directed that courts apply different standards in evaluating the timeliness of each kind of claim. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002). Specifically, in evaluating the timeliness of a hostile environment claim, courts apply the continuing violation doctrine, because the claim by its "very nature involves repeated conduct" and "the 'unlawful employment practice' therefore cannot be said to occur on any particular day." *Id.* at 115. By contrast, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* at 114. As such, a plaintiff can "only file a charge to cover discrete acts that 'occurred within the appropriate time period." *Id.* In this way, the Supreme Court "substantially limited the notion of continuing violations: 'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.'" *Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003).

### B. Plaintiff's Pre-February 2018 Claims Are Time Barred.

As a matter of law, a federal employee complaining of discrimination "must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be

discriminatory." 29 C.F.R. § 1614.105(a)(1). Here, there is no dispute that Plaintiff initiated his EEO contact on April 9, 2018. *See* Motion, 9:26-28. Accordingly, Plaintiff's allegations of discrimination that predate February 23, 2018, are time-barred. *See Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). The Court, therefore, should reject Plaintiff's continuing violation theory and dismiss the allegations that, e.g., Plaintiff was denied a travel car, was denied training opportunities, and was subjected to discriminatory comments prior to February 2018. *See* Complaint, ¶¶ 14, 17.

### C. Claims of Discrete Acts are Not Evaluated in the Aggregate.

Whereas hostile environment claims may be considered in the aggregate, courts in the Ninth Circuit "have not used [a] collective approach when evaluating adverse employment actions in Title VII discrimination cases." *Mendoza v. DeJoy*, 2022 WL 18832234, *8 (S.D. Cal. Dec. 20, 2022), quoting *Blount v. Morgan Stanley Smith Barney, LLC*, 982 F. Supp. 2d 1077, 1084 (N.D. Cal. 2013), *aff'd* 624 Fed. App'x 965 (9th Cir. 2015). In support of his opposition, Plaintiff presents no legal authority to the contrary. Instead, Plaintiff once again relies on the law applicable only to hostile environment claims. *See* Opposition, 3:24-3, citing *Okonowsky v. Garland*, 109 F.4th 1166 (9th Cir. 2024); *see Okonowsky*, 109 F.4th at 1178 (evaluating whether summary judgment was appropriate on a hostile work environment claim). The Court, therefore, should reject Plaintiff's invitation to evaluate his allegations "cumulatively" and instead must consider each allegation individually.

### D. Plaintiff Fails to Plead an Adverse Employment Action.

By focusing his opposition solely on a "cumulative" analysis of his allegations of discrimination, Plaintiff concedes that each discrete act at issue fails individually to constitute an adverse employment action. Indeed, Plaintiff *must* make this concession. He has not been terminated; he has not been denied a promotion; and he presents no allegation of formal discipline. Instead, he complains about a transfer to a different job site that he found less "favorable," Complaint, ¶¶ 12; the denial of desired on-the-job amenities, such as a "storage cage," *id.*, ¶ 13; a perceived lack of "help" in identifying training opportunities,

*id.*, ¶¶ 14, 20; an oral reprimand by management and other unidentified conduct that he interpreted as "implying" hostility, *id.*, ¶¶ 15, 17; inaction by management in responding to his complaints about coworkers on the one hand, *id.*, ¶¶ 16, 18; yet disappointment that management reassigned coworkers, leaving him to work "alone," on the other hand, *id.*, ¶ 21; and, finally, a "face-to-face 'counseling' session" with management that made Plaintiff "feel uncomfortable," *id.*, ¶ 17.[2] As a matter of law, *none* of these perceived wrongs materially affected Plaintiff's "compensation, terms, conditions, or privileges" of employment. *See Mendoza*, 2022 WL 18832234, at *4; *see also* Motion, 10:27-15:8, citing, *inter alia*, *Burton v. Batista*, 339 F. Supp. 2d 97, 110-111 (D.D.C. 2004) (performance criticisms are not adverse employment actions if they do not affect grade or salary); *Darrah v. Salazar*, 2012 WL 589001, *6 (E.D. Wash. Feb. 22, 2012) ("requiring [an employee] to drive an additional 23.1 miles each way, without giving him poor performance ratings, transferring him to another job or changing his pay, is not in itself enough to rise to the level of an adverse employment action"); *Kayky v. Boeing Co.*, 2016 WL 6525808, *5, n. 4 (W.D. Wash. Nov. 3, 2016) ("the fact that plaintiff was denied the opportunity to take a particular training course . . . had no tangible employment consequence").

Plaintiff does not—and cannot—challenge the authorities cited by Defendant in support of dismissal. The Court, therefore, should grant Defendant's motion and dismiss the post-February 2018 allegations of the Second Cause of Action for failure to state a claim.

### III.

### PLAINTIFF'S SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM

Plaintiff asks the Court to save his Sixth Cause of Action for retaliation by urging the application of a lesser standard for evaluating his allegations. Opposition, 5:4-6. Yet, a valid claim for retaliation still requires allegations demonstrating an adverse employment

---

[2] Plaintiff also complains of denied overtime pay, *see* Complaint, ¶ 19, an allegation Defendant concedes would give rise to an adverse employment action *if*, among other factors, Plaintiff plausibly alleged that other *similarly situated* employees were offered overtime opportunities. Yet, Plaintiff's Complaint presents no such allegations. *See Vasquez v. City of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (rejecting allegations of disparate treatment because other employees were not similarly situated to the plaintiff).

action—a term construed by the Supreme Court as requiring a showing of "injury or harm" that "a *reasonable employee* would have found . . . materially adverse." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (emphasis added). Here, Plaintiff fails to plead facts sufficient to meet this *objective* standard; his allegations instead focus primarily on his *subjective* impressions of events.

An example is Plaintiff's allegation that management somehow retaliated against him by failing to take action to protect him from another coworker who brought "a leaf blower into the area in which Plaintiff's cabinetry had been freshly painted and stained, blowing dust on it, requiring [Plaintiff] to redo the paint." Complaint, ¶ 16. Employing generous hyperbole, Plaintiff alleges that he perceived this slight as "harass[ment]" that was "malicious[]," "callous[]," and "deliberate[] sabotage[]." Objectively speaking, however, management's failure to take some action to prevent "blowing dust" in Plaintiff's work area is, as the Supreme Court described, a "trivial harm" that cannot support a claim of retaliation. *See Burlington*, 548 U.S. at 68.

Stripped of hyperbole, Plaintiff's Complaint pleads nothing more than a series of trivial harms. The Court, therefore, should grant Defendant's motion and dismiss Plaintiff's Sixth Cause of Action for retaliation.

## IV.

## CONCLUSION

For each of the foregoing reasons, the Court should grant Defendant's Motion to Dismiss and enter an order dismissing the First, Second, Third, Fifth, Sixth and Seventh Causes of Action of Plaintiff's Complaint.

DATED: November 5, 2024

Respectfully submitted,
TARA K. McGRATH
United States Attorney

*s/ Glen F. Dorgan*
GLEN F. DORGAN
Assistant United States Attorney
Attorneys for Defendant
Carlos Del Toro, Secretary of the Navy